**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LOUIS ANTHONY MURRAY,

      Petitioner,

v.                              Case No. 8:19-cv-2943-VMC-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

**ORDER**

Louis Anthony Murray, a Florida prisoner, timely filed a *pro se* amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 10) and supporting memorandum (Doc. 25). Respondent filed a response opposing the petition (Doc. 17) and Murray filed a reply (Doc. 19). Upon consideration, the petition is **DENIED**.

**Procedural History**

A state court jury convicted Murray of robbery with a deadly weapon. (Doc. 17-13, Ex. 7.) He was sentenced to life in prison as a prison releasee reoffender. (*Id.*, Ex. 9.) The state appellate court *per curiam* affirmed the conviction and sentence. (*Id.*, Ex. 14.) Murray sought postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Doc. 17-16, Ex. 24, doc. pp. 216-49.) The state court denied his claims. (Doc. 17-15, Ex. 24, doc. pp. 2-12; Doc. 17-17, Ex. 28, pp. 23-33.) The state appellate court *per curiam* affirmed the denial of relief. (Doc. 17-19, Ex. 34.)

1

## FACTS[1]

On September 28, 2012, loss prevention officers Warren Brittingham and Alfonso Anderson were working at a K-Mart in Tampa, Florida. While watching live video from the store's security cameras, they observed Murray and his co-defendant, Shadaveya Jones, enter the store. Brittingham and Anderson watched Murray and Jones place a clock and a 50-inch television in a shopping cart and leave through the garden center without paying for the items. While Anderson followed their path through the garden center, Brittingham exited through the main door and intercepted Murray and Jones outside. Jones was pushing the cart, and Murray was pulling the cart. Brittingham told them that they needed to come back inside. Jones looked at Brittingham and smiled. Brittingham grabbed the cart and again told Murray and Jones that they needed to come back in.

Murray punched Brittingham. Brittingham saw Murray pull the cart closer to himself before throwing the punch and noticed that Murray kept his other hand on the cart when he punched Brittingham. Brittingham and Murray engaged in a physical struggle on the ground. After Brittingham and Murray were already on the ground, Anderson arrived from the garden center. He saw Jones next to the shopping cart, a few feet away from Brittingham and Murray. The cart was "a little off the sidewalk." (Doc. 17-6, Ex. 4, p. 259.) After he came outside, Anderson asked another employee to take the shopping cart.

---

[1] This factual summary is based on the trial transcript and appellate briefs.

Murray told Jones to go get the car and to run over the loss prevention officers. Jones drove the car up and poured a drink over Murray and Brittingham as they struggled on the ground. Jones tried to help Murray to climb into the car. Anderson saw the blade of a box cutter in Murray's hand. Anderson grabbed Murray's wrist, took the box cutter away from him, and threw it on the ground.

Terrence Laycook, an assistant manager, came outside behind Brittingham and called 911 when Brittingham and Murray began struggling on the ground. When Murray swung at Brittingham, Laycook observed the cart in the middle of the driveway area outside the front door, about three or four feet away from Murray. Another employee, Leonita Vander Galien, noticed the shopping cart in the driveway and believed it to be about one and a half to two feet away from Brittingham and Murray when they were on the ground. Police arrived a few minutes after Laycook called 911.

## Standards Of Review

### The AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). A decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

4

The state appellate court affirmed the denial of postconviction relief without discussion. This decision warrants deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). When a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018).

**Ineffective Assistance Of Counsel**

Murray alleges ineffective assistance of trial counsel. Ineffective assistance of counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*.

Murray must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. To demonstrate prejudice, Murray must show "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Obtaining relief on a claim of ineffective assistance of counsel is difficult on federal habeas review because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation marks and citations omitted); *see also Burt v. Titlow*, 571 U.S. 12, 15 (2013) (stating that this doubly deferential standard of review "gives both the state court and the defense attorney the benefit of the doubt"). "The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

## DISCUSSION

**Ground One**[2]

In Ground One, Murray contends that trial counsel was ineffective for "abandon[ing] resisting a merchant as a lesser included offense." (Doc. 10, p. 5.)

---

[2] Respondent does not contest that Murray exhausted his claims in state court, as he must prior to seeking relief under § 2254. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

Murray was charged with robbery with a deadly weapon; resisting a merchant is a permissive lesser-included offense of robbery. *See* Fla. Std. Jury Instr. (Crim.) 15.1.

Murray states that although counsel's request for an instruction on resisting a merchant was granted, counsel later decided to exclude the instruction. Murray emphasizes that "his defense was that he was guilty of theft and resisting a merchant, not robbery." (Doc. 25, p. 10.) Murray asserts he would have been convicted of resisting a merchant had the instruction been given.

The state court denied Murray's claim. The state court summarized Murray's arguments and found:

> After reviewing the allegations, the court file, and the record, the Court finds Defendant's allegations are facially sufficient. However, the Court finds the jury found Defendant guilty of robbery (firearm or deadly weapon) ($300 or more, but less than $20,000) as charged. The Court finds because the jury found him guilty as charged, Defendant cannot prove prejudice as a result of counsel's alleged abandonment of the lesser included instruction of resisting a merchant. *See Sanders v. State*, 946 So.2d 953, 960 (Fla. 2006) (stating "[t]he possibility of a jury pardon cannot form the basis for a finding of prejudice."). As such, no relief is warranted upon claim one.

(Doc. 17-15, Ex. 24, doc pp. 6-7) (state court's record citation omitted).

Murray does not show that the state court unreasonably applied *Strickland*'s prejudice prong in denying this claim. Consistent with Florida's standard jury instructions, *see* Fla. Std. Jury Instr. (Crim.) 3.12, the jury was instructed that if "you return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt." (Doc. 17-13, Ex. 6, Doc. p. 15.) The jury is presumed to have complied with this instruction. *See Brown v. Jones*, 255 F.3d 1273, 1280 (11th Cir.

2001) ("We have stated in numerous cases . . . that jurors are presumed to follow the court's instructions."); *Raulerson v. Wainwright*, 753 F.2d 869, 876 (11th Cir. 1985) ("Jurors are presumed to follow the law as they are instructed."). By convicting Murray as charged, the jury believed that the State presented sufficient evidence to establish every element of the charged offense beyond a reasonable doubt. The jury would not have been permitted to find Murray guilty of a lesser offense.

In *Sanders*, which the state postconviction court cited, the Florida Supreme Court held that under *Strickland*, "a defendant cannot, as a matter of law, demonstrate prejudice by relying on the possibility of a jury pardon" through conviction of a lesser offense when the jury has convicted the defendant of the greater offense. *Sanders*, 946 So.2d at 956. Further, "[a]n assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like. . . . The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." *Strickland*, 466 U.S. at 695.

Murray has not shown that the rejection of an ineffective assistance of counsel claim based on *Sanders* involves an unreasonable application of *Strickland*. *See Santiago v. Sec'y, Fla. Dep't of Corr.*, 472 F. App'x 888, 888-89 (11th Cir. 2012) (holding that the state court did not unreasonably apply *Strickland* when it denied a claim of ineffective assistance under *Sanders* as "the jury would not have been permitted to convict Santiago of the lesser included offenses because it had concluded that the evidence established that he was guilty of the greater offenses").

8

In his memorandum, Murray asserts that the state court erroneously analyzed *Strickland*'s prejudice prong by addressing the possibility of a jury pardon. He contends that he never raised the issue of a jury pardon in state court, and also "abandons and waives" any jury pardon argument raised in his amended § 2254 petition. (Doc. 25, p. 14.) Murray argues that the analysis should focus on his contention that counsel abandoned an instruction on his defense at trial, which was that he only committed the lesser-included offense of resisting a merchant.

Regardless of how the prejudice issue is framed—whether in terms of a possible jury pardon or providing an instruction on Murray's defense—his argument centers on the effect of not instructing the jury on resisting a merchant as a lesser-included offense of robbery, which the state court addressed. Murray does not establish a reasonable probability that the jury would have ignored its finding that the State proved the charged offense and disregarded the law as set out by the state trial court to convict him of resisting a merchant had an instruction on that lesser-included offense been provided. Murray does not establish that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his claim. Murray is not entitled to relief on Ground One.

**Ground Two**

Murray argues that counsel was ineffective for not requesting a special jury instruction on the defense of abandonment of the property. He contends that "[n]o one testified that [he] tried to maintain or regain possession of the property after using

9

force." (Doc. 10, p. 22.) Murray argues that a special instruction was needed because

"the standard instruction did not adequately explain a defense on abandonment." (*Id.*)

The Eleventh Circuit Court of Appeals has summarized Florida's robbery

statute:

> "Robbery" is defined as the taking of property with the intent to either permanently or temporarily de[p]rive the owner of the property when "in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). "An act shall be deemed 'in the course of the taking' if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts o[r] events." *Id.* § 812.13(3)(a), (3)(b).

*Palmer v. Sec'y, Dep't of Corr.*, 785 F. App'x 640, 644 (11th Cir. 2019).

In denying Murray's ineffective assistance claim, the state court thoroughly

reviewed the parties' pleadings and found:

> After reviewing the allegations, the State's response, Defendant's reply, the court file, and the record, the Court finds the State's response persuasive. The Court finds "[t]he standard jury instruction is presumed correct and generally is preferred over a special instruction." *Alvarez* [*v. State*], 890 So.2d [389,] 396 [(Fla. 1st DCA 2004)]. The Court finds the standard jury instructions as given were sufficient to cover the facts of this case. The Court finds to be entitled to a special instruction, a defendant must establish (1) that "the special instruction was supported by the evidence," (2) that "the standard instruction did not adequately cover the theory of defense," and (3) that "the special instruction was a correct statement of the law and not misleading or confusing." *See Stephens v. State*, 787 So.2d 747, 756 (Fla. 2001).

> The Court finds all the evidence presented at trial supported the conclusion that when Defendant was confronted by loss prevention officers, Defendant did not abandon the shopping cart and chose to fight. The Court finds counsel cannot be deemed ineffective for failing to request a special jury instruction on abandonment that was not supported by the evidence presented at trial. Consequently, the Court finds Defendant cannot prove that his counsel acted deficiently or any resulting

prejudice as a result of counsel's failure to properly request a special jury instruction and even if counsel had made the alleged request, the Court would have denied the request because the standard jury instructions as given were sufficient to cover the facts of the case. As such, no relief is warranted upon claim two.

(Doc. 17-17, Ex. 28, doc. pp. 30-31) (state court's record citations omitted).

Murray does not show that the state court unreasonably denied his claim. State law controls the applicability of jury instructions. "Questions of state law rarely raise issues of federal constitutional significance, because a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) (citation omitted); *see also Brown v. Warden*, 562 F. App'x 779, 781 (11th Cir. 2014) ("Whether defense counsel erred by not requesting a specific jury instruction depends on the state law that governed the defendant's trial. . . . Pursuant to Florida law, defense counsel is not ineffective for failing to request a jury instruction that is not warranted by the evidence.").

Because Murray's ineffective assistance of counsel claim is based on an underlying question of state law, this Court must defer to the state court's resolution of the state law issue when reviewing the state court's ruling on of the *Strickland* claim. The state court noted that under *Stephens*, 787 So.2d 747, a defendant must make certain showings to obtain a special jury instruction—in particular, a defendant must show that the special instruction was supported by the evidence and that the standard instruction was inadequate. The state court found that Murray did not satisfy *Stephens*'s requirements because the evidence did not support a special instruction and because

11

the standard instruction was adequate, and that as a consequence, a request for a special instruction on abandonment would have been rejected as a matter of Florida law.

Murray argues in his memorandum that the state court's ruling was based on the unreasonable factual determination that "all the evidence presented at trial supported the conclusion that when Defendant was confronted by loss prevention officers, Defendant did not abandon the shopping cart and chose to fight." (Doc. 17-17, Ex. 28, doc. p. 31.) Murray contends that there was conflicting evidence as to whether he abandoned the shopping cart. In particular, he points to evidence that Jones was pushing the cart and pushed it into the parking lot, that Jones's "trying to help get [him] into the car is consistent with trying to escape," that he did not possess the stolen property "during and after the scuffle," and that the shopping cart was "probably 3 or 4 feet away" from him.  (Doc. 25, pp. 6, 20.)

The Eleventh Circuit has discussed the availability of an abandonment defense in Florida when a defendant is charged with robbery:

> Florida courts have recognized that providing the jury with an instruction on abandonment is appropriate in robbery cases when supported by the evidence. [*Peterson v. State*, 24 So.3d 686, 690 (Fla. 2d DCA 2009)]. . . . Put simply, a defendant is not guilty of robbery if he abandoned the stolen property before using force to flee. *See Rockmore v. State*, 140 So.3d 979, 982-83 (Fla. 2014). Accordingly, Florida courts have recognized that a special instruction on abandonment is appropriate in a robbery case only if there is some evidence that the defendant "abandoned the property and thus broke the chain between the taking and the use of force." *Id.* at 984. There must be "evidence that it was the thief who abandoned the property and thus broke the chain." *Id.* However, if the "theft and threatened use of force constituted a continuous series of acts or events

under Florida's robbery statute" as a matter of fact, the abandonment defense does not apply as a matter of law. *Id.*

*Palmer*, 785 F. App'x at 644 (footnotes omitted).

Murray fails to establish that evidence indicating he did not retain direct control over the property because Jones pushed the shopping cart towards the parking lot or because the cart was several feet away from him is sufficient to demonstrate that he abandoned the property by "breaking the chain" between the taking and the use of force. Nor does Murray establish that Jones's attempting to help him get into the car amounts to his abandonment of the property. Accordingly, Murray does not show that the state court's decision was "based on" an unreasonable determination of fact based on the evidence in the state court proceeding, as he must before obtaining relief under § 2254(d)(2). Nor does he establish that the state court unreasonably applied *Strickland* in denying his claim. Murray is not entitled to relief on Ground Two.

**Grounds Three and Four**

Murray has abandoned Grounds Three and Four. Murray's supporting memorandum of law, filed subsequent to the response and reply, states, "Based upon a review of the facts, law and the Respondent's response, petitioner waives and abandons Ground[s] 3 and 4 in petitioner's 2254 petition. Therefore, petitioner's petition is only alleging two grounds of ineffective assistance, which are the two grounds argued above (Ground[s] 1 and 2)." (Doc. 25, p. 24.) Accordingly, the Court will not address Grounds Three and Four.

It is therefore **ORDERED** that Murray's amended petition (Doc. 10) is **DENIED**. The **CLERK** is directed to enter judgment against Murray and to **CLOSE** this case.

## Certificate Of Appealability
### And Leave To Appeal *In Forma Pauperis* Denied

It is further **ORDERED** that Murray is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a COA must first issue. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To obtain a certificate of appealability, Murray must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Murray has not made the requisite showing. Finally, because Murray is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on November 1, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE